NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3352

WAVERLY V. WHITTLE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: December 7, 2006

_____

Before LINN, Circuit Judge, FRIEDMAN and PLAGER, Senior Circuit Judges.

PER CURIAM.

Waverly V. Whittle ("Whittle") appeals the determination of an administrative judge ("AJ") of the Merit Systems Protection Board ("Board"), which dismissed as untimely an appeal from the Office of Personnel Management's ("Agency") decision that dismissed as untimely his application for disability retirement. Whittle v. Office of Pers. Mgmt., No. PH-831E-06-0143-I-1 (M.S.P.B. Mar. 8, 2006) ("Initial Decision"). The AJ's Initial Decision became the final decision of the Board when the Board denied Whittle's petition for review. Whittle v. Office of Pers. Mgmt., No. PH-831E-06-0143-I-1 (M.S.P.B. Jun. 13, 2006) ("Final Order"). Because the Board's decision is not arbitrary, capricious,

an abuse of discretion, or otherwise not in accordance with law and is supported by substantial evidence, we affirm.

## BACKGROUND

After Whittle retired from federal service, he sought a waiver of the deadline to file for Federal Employees' Retirement System ("FERS") disability retirement benefits. On April 9, 2003, the Agency notified Whittle that he needed to file additional evidence to allow the Agency to make a determination regarding waiver of the deadline. On April 29, 2003, Whittle mailed a letter to the Agency, again requesting a waiver of the deadline to file for FERS disability retirement benefits, but not submitting any additional evidence. On December 2, 2003, having received no additional evidence from Whittle, the Agency denied waiver of the deadline, dismissed his application as untimely, and notified Whittle that he had the right to appeal its decision to the Board, but that an appeal to the Board must be filed within 30 days after his receipt of the December 2, 2003 decision. Whittle received the December 2, 2003 decision on December 9, 2003.

Whittle did not respond to the December 2, 2003 decision until January 13, 2004, when Whittle mailed another letter to the Agency, again requesting a waiver of the deadline to file for FERS disability retirement benefits. On December 6, 2005, approximately 2 years after he received the December 2, 2003 decision, Whittle, through his attorney, appealed to the Board. The Board found that the petition for review was untimely, but on February 16, 2006, issued an order allowing Whittle to file evidence and argument no later than February 27, 2006, as to whether the filing deadline should be waived. Whittle did not respond to this order. On March 8, 2006, having received no response, the AJ declined to waive the regulatory time limit for filing

the appeal and dismissed the appeal as untimely filed. Initial Decision, slip. op. at 3. On June 13, 2006, the Board denied Whittle's petition for review and ordered that the initial decision remain the final decision of the Board. Final Order, slip op. at 2.

Whittle timely appealed the Board's Final Order to this court pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

A. Standard of Review

This court must affirm a Board decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see also Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). The burden of establishing reversible error in a Board decision rests upon the petitioner. Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

B. Analysis

Before the Board, the petitioner has the burden of establishing that a delay in filing the petition for review was excusable. Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). The Board's regulations require that an appeal be filed within thirty days of the effective date of the action being appealed or within thirty days after the agency's decision is received, whichever is later. 5 C.F.R. § 1201.22(b). The petitioner is given the opportunity to explain an untimely filing. Id. § 1201.22(c). In determining whether there was good reason for the delay, the Board considers factors including the length of the delay, the circumstances that caused or led to the delay,

whether the petitioner was notified of the time limit or was otherwise aware of it, and whether the petitioner acted reasonably and with appropriate diligence. Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994). Finally, whether the time limit for a filing deadline should be waived based upon a showing of good cause is a matter entrusted to the Board's discretion, and we will not substitute our judgment for that of the Board. Mendoza, 966 F.2d at 653.

On appeal, Whittle seeks review of both the substance of the Agency's decision and the Board's conclusion that his petition for review was untimely. As concerns the timeliness issue, Whittle does not argue that the Board erred in finding no good cause existed for the delay. Rather, Whittle argues that he received notice of the Agency's initial decision on April 9, 2003 and that, by sending a letter to the Agency on April 29, 2003, he responded within the regulatory time limit.

We see no reason to disturb the Board's conclusion that Whittle's petition for review was untimely. The correspondence between Whittle and the Agency in April of 2003 is not at issue here. The issue is whether Whittle responded to the Agency's December 2, 2003 decision within the regulatory time limit. The record shows, and the AJ found, that Whittle received notice of the December 2, 2003 decision on December 9, 2003. Even if Whittle's January 13, 2004 letter to the Agency could be construed as a petition for review, an issue which we need not and do not decide, that letter was not mailed within the regulatory time limit for filing an appeal. Furthermore, the record is devoid of evidence or argument by Whittle supporting his bare assertion that the time limit for filing an appeal to the Board should be waived. On this record, we cannot

conclude that the Board abused its discretion by holding that Whittle untimely filed his appeal and failed to demonstrate good cause for his untimeliness.

As concerns Whittle's arguments relating to the substance of the Agency's December 2, 2003 decision, we are without jurisdiction to consider those arguments. Our review of Board cases in which timeliness is at issue is limited to whether the Board's decision not to waive the regulatory time limit was arbitrary, an abuse of discretion or otherwise not in accordance with the law. 5 U.S.C. § 7703(c); <u>Rowe v. Merit Sys. Prot. Bd.</u>, 802 F.2d 434, 437 (Fed. Cir. 1986).

For the foregoing reasons, the decision of the Board is affirmed.

COSTS

No costs.